UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRANG NGUYEN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 25-cv-05560-JSC (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a federal prisoner who is proceeding without representation by an attorney, filed this civil complaint against the United States of America. She is granted leave to proceed in forma pauperis ("IFP") in a separate order. For the reasons explained below, the complaint is dismissed as duplicative of the claims in *Nguyen v. Marshall, et al.,* No. 25-5529 JSC (PR).

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Section 1915(e)(2) provides that the court "shall" dismiss any case brought IFP "if the court determines"[1] that the allegation of poverty is untrue, or that the action or appeal is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Pleadings filed by unrepresented parties

---

[1] The language of § 1915(e)(2) does not appear to require the court to make this determination; § 1915A, however, does require such screening as to prisoner suits.

must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## LEGAL CLAIMS

The complaint is a five-page typed complaint that Plaintiff attached to a form civil complaint. (ECF No. 1 at 6-10.) The day before filing this case, Plaintiff filed another civil case in this court in *Nguyen v. Marshall, et al.*, No. C 25-5529 JSC (PR) (ECF No. 1). The complaint in that case also consists of a five-page typed complaint attached to a form civil complaint. (*Id.*) The typed complaints in both cases are identical and appear to be photocopies. In both cases, the form complaints contain only cursory information, and virtually all of the factual allegations and claims are set forth in the attached typed complaints. The only meaningful difference in the two cases is that in her prior case, the form complaint named two individuals in addition to the United States of America as defendants. (*See id.*)

An in forma pauperis complaint that "'merely repeats pending or previously litigated claims'" may be considered malicious and dismissed at the screening stage. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).[2] "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" is subject to dismissal as malicious under the screening standard for in forma pauperis cases. *Bailey*, 846 F.2d at 1021. The complaint in this case repeats the same claims and factual allegations asserted in Plaintiff's prior case. Therefore, this case must be dismissed as malicious under Sections 1915A and 1915(e).

//
//

---

[2] *Cato* and *Bailey* were decided prior to passage of the Prison Litigation Reformation Act ("PLRA") and therefore cited 28 U.S.C. § 1915(d), the predecessor to current Sections 1915A and 1915(e)(2).

## CONCLUSION

For the foregoing reasons, the case is DISMISSED without prejudice, but without leave to amend.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 4, 2025

JACQUELINE SCOTT CORLEY
United States District Judge